LAW OFFICE OF MICHAEL J. GATEWOOD

MICHAEL J. GATEWOOD
michael@gatewoodlegal.com
330 Hernan Cortez Ave., Ste. 300
Hagåtña, Guam 96910
Telephone No. 671.473.6285

Attorneys for Plaintiff
HAYDEN CORPORATION, INC.

FILED
SUPERIOR COURT
OF GUAM

2019 MAY 29 PM 4: 18

CLERK OF COURT

By:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HAYDEN CORPORATION, INC., | CIVIL CASE NO. CV0237-18 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| GARY MANDAPAT, SHELAH MANDAPAT AND DOES I-X, | |
| Defendants, | |

This matter came before the Honorable Judge Elyze Iriarte for a Default Hearing on May 1, 2019. Plaintiff Hayden Corporation, Inc., filed a Motion for Entry of Judgment on April 22, 2019. Based on the Memorandum, Declarations, Exhibits, and the records and files for this case, the Court renders the following Decision and Order GRANTING the Plaintiff's Motion for Summary Judgment.

## I.  **FINDINGS OF FACTS**

1. Lot Number 5248-3-1-R5, Dededo, Guam was originally granted to Juan Quintanilla on February 27, 1914 and recorded on March 19, 1914. *See* Exhibit A to the Declaration of Michael J. Gatewood.

2. The United States of America, Naval Government of Guam issued a certificate of Guaranteed Claim for the property to the heirs of Juan Quintanilla Quitugua aka Juan


ORIGINAL

Quintanilla. *See* Exhibit B to the Declaration of Michael J. Gatewood.

3. Judge Joaquin C. Perez entered a Decree Settling Final Account of Administrator and Final Distribution in favor of Jose D. Quitugua for Lot No. 5248-3. *See* Exhibit C to the Declaration of Michael J. Gatewood.

4. Jose D. Quitugua deeded all of his interest in Lot No. 5248-3-1 to Francisco Quitugua and Manuela Quitugua on January 10, 1970. *See* Exhibit D to the Declaration of Michael J. Gatewood.

5. On February 10, 1976, Francisco Quitugua and Manuela Quitugua executed a warranty deed for Lot No. 5284-3-1 to June Marie Torres Quitugua, Anthony Torres Quitugua and Frank Peter Quitugua. *See* Exhibit F to the Declaration of Michael J. Gatewood.

6. On August 11, 1984, June Marie Torres Quitugua executed a gift deed for her interest in Lot No. 5248-3-1 to Frank Peter Quitugua. *See* Exhibit H to the Declaration of Michael J. Gatewood.

7. On October 12, 1984, Anthony Torres Quitugua executed a gift deed for his interest in Lot No. 5248-3-1 to Frank Peter Quitugua. *See* Exhibit I to the Declaration of Michael J. Gatewood.

8. On May 31, 1990, Frank Peter Quitugua executed a warranty deed for Lot No. 5248-3-1 to Byong Ki Han and Dae Woong Kim. *See* Exhibit K to the Declaration of Michael J. Gatewood.

9. On November 24, 1992, Dae Woong Kim executed a quitclaim deed for a 1/3 undivided interest in Lot No. 5248-3-1 to Yong Kwang Park. *See* Exhibit M to the Declaration of Michael J. Gatewood.

10. Dae Woong Kim also executed a quitclaim deed for a 1/3 undivided interest in Lot No. 5248-3-1 to Chun Soon Hong on November 24, 1992. *See* Exhibit N to the Declaration of Michael J. Gatewood.

11. Byong Ki Han, Dae Woong Kim, Chun Soon Hong, and Yong Kwang Park Kim then recorded a re-subdivision survey map of Lot No. 5248-3-1 and created Lot 5248-3-1-R4 on June 20, 1996. *See* Exhibit P to the Declaration of Michael J. Gatewood.

12. A partition deed was then executed by all of the owners of Lot 5248-3-1-R4 granting Lot 5248-3-1-R4 to Byong Ki Han, Jung Hee Han, Michael H. Kang and Dae Woong Kim on July 25, 1996. *See* Exhibit R to the Declaration of Michael J. Gatewood.

13. Shortly thereafter, Byong Ki Han, Jung Hee Han, Michael H. Kang and Dae Woong Kim recorded a re-subdivision survey map of Lot 5248-3-1-R4 and created Lot No. 5248-3-1-R5 on June 9, 1997. *See* Exhibit S to the Declaration of Michael J. Gatewood.

14. On February 17, 1999, Byong Ki Han, Dae Woong Kim, Jung Hee Han, and Michael H.

ORIGINAL

Kang executed a warranty deed for all of their interest in Lot No. 5248-3-1-R5 in favor of Ming Zhang and Yan Xiang Zhang. *See* Exhibit T to the Declaration of Michael J. Gatewood.

15. On June 15, 2001, Ming Zhang and Yan Xiang Zhang executed a warranty deed for all of their interest in Lot No. 5248-3-1-R5 in favor of Robert Pellosma and Feliz Pellosma. *See* Exhibit U to the Declaration of Michael J. Gatewood.

16. On October 14, 2004, Robert Pellosma and Feliz Pellosma executed a warranty deed for all of their interest in Lot No. 5248-3-1-R5 in favor of Marcello Biscoe and Maria Biscoe. *See* Exhibit V to the Declaration of Michael J. Gatewood; *See* ¶ 4 of Affidavit of Maria Biscoe.

17. Marcelo C. Biscoe and Maria C. Biscoe as Co-Trustees of the Biscoe Family Trust and entered a contract of sale with Gary and Shelah Mandapat on November 3, 2006. *See* Exhibit W to the Declaration of Michael J. Gatewood; *See* ¶ 5 of Affidavit of Maria Biscoe.

18. Lot No. 5248-3-1-R5 was never transferred to Gary and Shelah Mandapat or the Biscoe Family Trust. *See* ¶¶ 6 and 9 of Affidavit of Maria Biscoe.

19. On January 11, 2012, Marcelo C. Biscoe and Maria C. Biscoe sold Lot No. 5248-3-1-R5 to Plaintiff Hayden Corporation Inc. and effectuated a warranty deed for Lot No. 5248-3-1-R5 in favor of Plaintiff Hayden Corporation Inc. *See* Exhibits X and Y to the Declaration of Michael J. Gatewood; *See* ¶¶ 7 and 8 of Affidavit of Maria Biscoe; *See* ¶¶ 6 and 7 of Affidavit of Hang Chieng Tan.

20. Plaintiff Hayden Corporation has owned and rented Lot No. 5248-3-1-R5 since January of 2012 and the Defendants have never made any claims on the property since that time. *See* ¶¶ 8 and 11 of Affidavit of Hang Chieng Tan.

## II. CONCLUSIONS OF LAW

Based on the Memorandum, Declarations, Affidavits, Exhibits, and the records and files for this case, Plaintiff Hayden Corporation, Inc. is the fee-simple owner of that certain real property Lot No. 5248-3-1-R5, located in the Municipality of Dededo, Territory of Guam (hereinafter referred to as "Subject Property"), that is described as follows:

Lot Number 5248-3-1-R5, Dededo, Guam, Suburban, as said lot is described in that Re-Subdivision Survey Map of Lot 5248-3-1-R4, as shown on Drawing Number 1287, as L.M. Check Number 196 FY 97, dated 04 June 97 and recorded on 09 June 97 under Instrument Number 565090 at Land Management.

ORIGINAL

For informational purposes only, the above referenced map indicates the property contains an area of 971 + square meters.

Last Certificate of Title Number: 77640 – Frank Peter Quitugua (as to Basic Lot 5248-3-1; Estate Number 17067)

The summons and complaint in this action have been effectively served on the Defendants, by certified mail on December 21, 2018 and publication on December 21 and 29, 2018. Under 21 GCA § 25113, a judgment by default may not be entered by the Clerk of Court and the Court shall have jurisdiction to examine into and determine the legality of the Plaintiff's title. For this reason, the Court required the Plaintiff to submit evidence in order to determine the legality of its claims and now applies the Summary Judgment standard.

Summary judgment may be granted to a moving party pursuant to Rule 56 of the Guam Rules of Civil Procedure when, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *M. Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2012 Guam 23 ¶ 11. A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. *Id.* Disputes over irrelevant unnecessary facts will not preclude a grant of summary judgment. *Id.* (*citing Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8). Where the parties acknowledge that there are no facts in dispute and that the issue presented is strictly one of statutory interpretation, summary judgment is warranted. *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 5.

Based on the pleadings, exhibits and affidavits, if any, filed herein and defaults having been duly entered against the Defendants, Hayden Corporation is entitled to a Final Judgment as a matter of law. Hayden Corporation's interest in the Subject property, which is the subject of the

4.

ORIGINAL

Complaint, by virtue of the deeds, maps, and other evidence, is superior to the interest, if any, in Subject Property of each and every one of the Defendants. The Defendants have not shown any proof substantiating a claim to the Subject Property.

## III.   CONCLUSION

Summary judgment is proper in favor of Hayden Corporation for the reasons set for the above.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendants have no enforceable interest, express or implied, in the Subject Property and that Hayden Corporation owns and holds the Subject Property free and clear of any interest claimed by any and all of the Defendants.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Plaintiff Hayden Corporation is the owner in fee simple of the Lot Number 5248-3-1-R5, Dededo, Guam. Plaintiff Hayden Corporation is hereby GRANTED a judgment quieting title in the Subject Property.

DATED: Hagåtña, GU, May 29, 2019.

ELYZE IRIARTE
JUDGE, SUPERIOR COURT OF GUAM

... /ICE VIA COURT BOX

ack... ...rdge that a copy of the
...na, ...reto was placed in the

M. GATEWOD

5/29/19  Time: Jh

Deputy Clerk, Superior Court of Guam

5.

ORIGINAL